# George, Appellant, *v.* Safe Deposit & Trust Company of Pittsburgh.

*Tenants in common—Mother and daughter—Administrator's sale—Estoppel.*

Where an intestate leaves to survive him a widow and daughter, and his lands are sold at an administrator's sale for the payment of his debts; and the widow buys them at the sale, the daughter cannot after her mother's death claim an interest in the land against her mother's will, (as the heir at law of her father), where it appears that the daughter saw her mother purchase the property and pay the purchase money; that she acquiesced in her mother's ownership of it for ten years, until her mother's death; that she accepted an annuity derived from the property under her mother's will for a period of ten years; and that she never offered to reimburse her mother for money paid by the latter on the purchase of the property, and never offered to return to her mother's estate the annuity which she had received for ten years.

Argued Oct. 26, 1911. Appeal, No. 176, Oct. T., 1911, by plaintiff from judgment of C. P. No. 2, Allegheny Co., Oct. T., 1908, No. 815, for defendant non obstante veredicto in case of Mary E. George v. Safe Deposit and Trust Co. of Pittsburgh, Trustee, etc., et al. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Ejectment for land in the Fifth Ward of the City of Pittsburgh.

At the trial the jury returned a verdict in favor of plaintiff. On motion for judgment for defendant non obstante veredicto. HAYMAKER, J., filed the following opinion:

This is an action in ejectment for two lots of ground in the Fifth Ward of the City of Pittsburgh, being numbered 20 and 21 in Block 11 of the Plan of Lots of Elizabeth F. Denny, recorded in this County in Plan Book, Vol. 6, page 178, on which are erected seven

brick dwelling houses.  On the trial of the case we
directed a verdict for the Plaintiff.

The common source of title was that of Andrew Mul-
holland, the Plaintiff's father.  The statement of the
case is practically this: Andrew Mulholland died in-
testate on the sixth day of September, 1884, leaving to
survive him a widow, Margaret Mulholland, and one
daughter, Mary E. George, the Plaintiff, whose hus-
band is still living.  The widow and daughter re-
nounced their right to administer the estate, and ad-
ministration was granted to strangers.  The Adminis-
trators obtained proper authority to sell the lots in
question at public sale for the payment of decedent's
debts, and they were purchased by the widow, on
August 29th, 1885, and the deed to her was acknowl-
edged by the Administrators in open Court on Novem-
ber 14th, 1885.

The widow and her daughter resided continuously in
one of these houses from the death of Andrew Mul-
holland, on September 6th, 1884, down to March 12th,
1895, when the widow died.  The widow devised the
property in question to her Executors in trust for va-
rious purposes, among which was the payment to the
Plaintiff of $20.00 per month during her natural life,
and in addition thereto $100 annually for clothing,
with authority in their discretion to increase the
amount of the monthly payments.  The will likewise
directs the Trustees to pay to decedent's brother,
Joseph Sawyer, $25.00 per month during his natural
life.  The will also provides that the whole estate shall
go to any child or children of the Plaintiff surviving
her, subject to the provision made for the brother.  In
case of the death of the daughter without a child or
children surviving, the testatrix provides for the dis-
position of her estate in a manner unnecessary here
to relate.

The Plaintiff contends that, on the death of Andrew
Mulholland intestate, she and her mother became co-

tenants in common of the land described in the writ, and that when the widow purchased the same at an Orphans' Court sale for the payment of debts that relation of ownership previously existing was not thereby changed, and that the widow could not by her will dispose of the interest of her co-tenant, the Plaintiff.

The contention on the part of the defense is that the Plaintiff accepted the provision made for her in her mother's will, and has regularly and without complaint received her monthly and annual payments for some ten years, and that having elected to so take she is now estopped to question her mother's title to the property. The Plaintiff's answer to the allegation of estoppel is that she was under the disability of coverture, and the doctrine of estoppel or election does not apply to her.

The defense relies on the following undisputed facts: That the Administrators of Andrew Mulholland presented their petition to the Orphans' Court for leave to sell decedent's real estate for payment of debts aggregating over $19,000.00, and a citation was issued to the Plaintiff, then of full age; the purchase of the property by the widow and the confirmation of the sale by the Court; the exercise of entire ownership by the widow from the date of her deed of Novembr 14th, 1885, to the time of her death on March 12th, 1896; the probating of her mother's will on March 15th, 1895, whereby she disposes of the property in question; the acceptance by the Plaintiff of legacies given her by her mother's will, payable monthly and annually, which the Plaintiff received for a period of ten years; the payment by the Trustees under the will, for the same length of time, the sum of $25.00 per month to decedent's brother, with knowledge on the part of Plaintiff; Plaintiff's participation in the distribution of balance in hands of Executors on filing of their first account; the first and final account of the Trustees under the will of Plaintiff's mother, showing the payment of $3,516.01 to the Plaintiff from February 5th, 1897, to

March 19th, 1906, being the annuity provided for her in said will, and likewise showing payment of $3,102.50 to the other annuitant, of which Plaintiff had knowledge, and the presentation of a joint petition to the Orphans' Court by the Plaintiff and Joseph Sawyer, legatees under the will of Plaintiff's mother, to enforce payments due them under the provisions of said will, and the obtaining of the order and the enforcement of payment.

The evidence is uncontradicted that the Plaintiff not only accepted the annuity payable to her under her mother's will, for many years, and on one occasion employed counsel and enforced the provisions of the will in her favor in the Orphans' Court. She not only received her own annuities without protest, but had full knowledge of the payment of an annuity to her uncle during the same period of time. For all these years she recognized her mother's title to and ownership of the land in question, and this down to the time of bringing this action of ejectment. It also appears that her mother purchased the property for $2,350, subject to certain mortgages against the same, and that Plaintiff in no way endeavored to or did reimburse her mother in the purchase. There was an attempt on the part of the Plaintiff to show that her mother made certain declarations to the effect that the Plaintiff and her husband had contributed to the purchase of the property, but his evidence was so indefinite as not to be worthy of consideration. The Plaintiff saw her mother purchase this property at a public sale, and pay the purchase price; she saw her from the time of her purchase to the day of her death—some ten years—exercising every right of ownership over it; she saw her dispose of it by will, and she became a beneficiary thereunder, and enjoyed the fruits of that will for ten years. She enforced her rights as a legatee in and out of Court, down to the time of bringing this suit, having received $3,516.01, and now without proof of

reimbursement for money paid by her mother on the purchase of the property, and without the slightest offer to return to the estate the amount of the legacy she has been regularly receiving for ten years under her mother's will, she now claims the land as the heir at law of Andrew Mulholland, and that her unequivocal acts as legatee under her mother's will are not binding upon her by reason of coverture.

We cannot agree with Plaintiff in her contention, and are of the opinion that under the undisputed facts of the case the Plaintiff is not entitled to recover, and that judgment should be entered for the Defendant non obstante veredicto.

And now, July 10th, 1911, the rule for judgment non obstante veredicto is made absolute and judgment is now entered for Defendants on payment of verdict fee. The motion for a new trial is refused.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Morton Hunter,* for appellant.—Appellant was not estopped: Tompkins v. Merriman, 155 Pa. 440; Paul v. Kunz, 188 Pa. 504; Spencer v. Reese, 165 Pa. 158; Stivers v. Tucker, 126 Pa. 74; Grim's App., 105 Pa. 375; Klein v. Caldwell, 91 Pa. 140; Graham v. Long, 65 Pa. 383; Del. Lackawanna & Western R. R. Co. v. Burson, 61 Pa. 369; Crest v. Jack, 3 Watts 238; Gregg v. Patterson, 9 W. & S. 197; McAninch v. Laughlin, 13 Pa. 371; Hill v. Epley, 31 Pa. 331.

*W. H. S. Thomson,* with him *Smith H. Shannon, Ache & Wassell* and *J. B. Eichenauer,* for appellee.— Appellant was estopped: Tiernan v. Roland, 15 Pa. 429; Bigham's App., 123 Pa. 262; Couch v. Sutton, 1 Grant (Pa.) 114; Bruner v. Finley, 217 Pa. 127; Klick v. Gernert, 220 Pa. 503; McCullough v. Wilson, 21 Pa. 436; Powell's Appeal, 98 Pa. 403; Grim's Ap-

peal, 105 Pa. 375; Cox v. Rogers, 77 Pa. 160; Zimmerman v. Lebo, 151 Pa. 345; Tompkins v. Merriman, 155 Pa. 440; Stump v. Findlay, 2 Rawle, 168.

PER CURIAM, January 2, 1912:

The judgment is affirmed on the opinion of the learned Judge of the Common Pleas, entering judgment for the appellee non obstante veredicto.